STANDARD LUMBER COMPANY, A CORPORATION, CLAIM-ANT-APPELLANT, v. MODERN HOME BUILDING CONSTRUCTION COMPANY, BUILDER, AND KLINE BUILDING AND CONSTRUCTION COMPANY, OWNER, AND CITY MORTGAGE GUARANTY COMPANY, MORTGAGEE, AND PUBLIC SERVICE DEVELOPMENT CORPORATION, MORTGAGEE, DEFENDANTS-RESPONDENTS.

Submitted January term, 1928—Decided July 18, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the appellant, *Mark H. Stein.*

For the respondents, *Feder & Rinzler.*

PER CURIAM.

The Standard Lumber Company appeals from judgment of *non pros.* entered in the Essex Circuit Court in an action on a mechanics' lien and directing the cancellation of the lien on which the action was based.

The ground of the judgment was a failure to prosecute the lien claim diligently within one year from the date of issuance of the summons, or such further time as the court might direct, as required by the Mechanics' Lien act. *Comp. Stat., p.* 3305, § 18.

The summons was issued July 21st, 1926. Pleadings were filed in due course, and the case was noticed for trial at the December term, 1926; not being tried it was again noticed for trial at the April term, 1927; not being then tried it was again noticed for trial at the September term, 1927, and appeared on the trial list of causes. At this term it was marked "ready" and appeared in the day call of September 27th, but when called for trial on that day, plaintiff's counsel not responding, the case was marked "off." The year having passed, the motion to *non pros.* and discharge the lien was made after due notice on December 3d, 1926, and the motion granted on December 10th, 1926.

The year from issuance of the summons being elapsed, the law presumed a failure to exercise the diligence exacted by the statute (*Buchanon & Smock* v. *Dougherty,* 88 *N. J. L.* 358; *Gluck* v. *Ruiz-Urrutia,* 101 *Id.* 558), and the burden was on the plaintiff to establish the contrary.

The only excuse offered by the plaintiff was that its counsel thought the case would not be reached at the September term, and that the clerk of the court entertained and expressed a like opinion. In this situation counsel took the chance of being wrong in his belief that the case would not be called, instead of presenting the facts to the judge and procuring further time as permitted by law if the circumstances should justify. This was not, we think, the diligence contemplated by the statute.

The judgments will therefore be affirmed.